[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
1) The parties intermarried on July 21, 1996 at Milford, CT. CT Page 9715
 2) Both parties have lived in Connecticut for at least one (1) year next preceding the commencement of this action.
 3) As credibly testified, the marriage has broken down irretrievably and there is no reasonable hope for reconciliation.
4) The marriage is dissolved on ground of irretrievable breakdown.
 5) There are no minor children issue of the marriage and no children have been born to the wife during the marriage.
 6) The parties entered a partial agreement on some disputed issues. That agreement is found to be fair, just and equitable. That agreement, attached hereto, is incorporated in the judgment by reference.
 7) This is a clear case of a bilateral breakdown in a marriage. Each party shares blame for the breakdown.
 8) Considering all the criteria of 46b-82 C.G.S., I find the plaintiff is entitled to one ($1.00) dollar a year alimony until her death, remarriage or statutorily defined cohabitation. While all criteria were considered, health issues were persuasive.
 9) Considering all the criteria of 46b-82 C.G.S., I find the defendant is entitled to one ($1.00) a year alimony until his death, remarriage, or statutorily defined cohabitation. While all criteria was considered, health issues were persuasive.
 10) With due consideration of the criteria dictated by 46b-81 C.G.S., the court issues the following orders:
 a) the proceeds, after the normal closing costs are deducted, will be divided equally; (the court rejects defendant's request for a principal credit during his sole occupancy).
 b) the dogs are transferred to the defendant, free of any claim by the plaintiff;
 c) the three wrought iron living room tables are transferred to the plaintiff, free of any claim by the defendant;
 d) within thirty (30) days the defendant will pay $462.32 to the plaintiff to reimburse tax penalties; and
CT Page 9716
 e) all other property, real or personal, shall be owned by the party in possession, free of any claim by the adverse party.
 11) The petition of the plaintiff to resume use of her birth name, Rhoena Michelle Royes, is granted.
DANIEL E. BRENNAN, JR., J.